In re the **CURRY CORPORATION,** et al., Debtors.

Bankruptcy Nos. 92 B 21585–92 B 21594.

United States Bankruptcy Court, S.D. New York.

Dec. 29, 1992.

Gainsburg & Hirsch, Purchase, NY, for debtors.

Kurtzman & Haspel, Spring Valley, NY, for Trustee of A.G.S.Y., Inc., B.G.I.N., Inc. and C.G.R.E., Inc.

DECISION AND ORDER ON MOTION TO EXTEND DEBTORS' EXCLUSIVE PERIOD WITHIN WHICH TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The Curry Corporation and nine affiliated or related debtors have moved for an extension of the exclusivity period under 11 U.S.C. § 1121(b) for filing plans of reorganization. The trustee in bankruptcy of A.G.S.Y., Inc., B.G.I.N., Inc., and C.G.R.E., Inc., creditors in this case, has objected to any extension of the exclusivity period.

On August 12, 1992, The Curry Corporation and nine affiliated entities filed with this court voluntary petitions for reorganization under Chapter 11 of the Bankruptcy Code and were continued in business as debtors in possession in accordance with 11 U.S.C. §§ 1107 and 1108. The Chapter 11 cases were consolidated for joint administration for procedural purposes only.

None of the debtors has yet proposed or filed a plan of reorganization. The exclusivity period for each of the debtors would have expired on December 11, 1992. However, before the expiration date, the debtors moved for an extension of the exclusivity period pursuant to 11 U.S.C. § 1121(d), which permits an extension for "cause" after notice and a hearing.

DISCUSSION

A debtor has the burden of proving that cause exists for the extension of the 120–day period for filing a plan of reorganization as provided in 11 U.S.C. § 1121(b), and the 180–day period for obtaining acceptances of the filed plan in accordance with 11 U.S.C. § 1121(c)(3). *In re General Bearing Corp.*, 136 B.R. 361, 367 (Bankr. S.D.N.Y.1992); *In re Texaco*, 76 B.R. 322, 326 (Bankr.S.D.N.Y.1987). The fact that this is the debtor's first extension request does not of itself constitute cause. *General Bearing*, 136 B.R. at 367.

The debtors are in the business of operating seven automobile dealerships in various states. They sell Chevrolet, Ford, Honda, Mitsubishi and Accura automobiles. One of their financial problems stems from the fact that General Motors Acceptance Corp. has decided to restrict its floor plan financing to General Motors cars only. The debtors are presently trying to obtain floor plan financing from other sources. The debtor's comptroller testified that he has been occupied during the post-petition period in preparing financial projections in order to develop future budgets. He had no involvement with the promulgation of a plan of reorganization. There was no persuasive testimony as to why a plan of reorganization could not have been promulgated during the 120–day exclusivity period expressed in 11 U.S.C. § 1121(b). This does not appear to be a complex case. Financial information as to the debtors' operations is readily available. This case has not produced numerous and complex proceedings involving related cases. *See, e.g., In re McLean Industries, Inc.,* 87 B.R. 830, 834 (Bankr.S.D.N.Y.1987). As stated by one court:

> Section 1121 was designed, and should be faithfully interpreted, to limit the delay that makes creditors the hostages of Chapter 11 debtors.

*United Savings Association v. Timbers of Inwood Forest Associates, Ltd. (In re Timbers of Inwood Forest Associates, Ltd.),* 808 F.2d 363, 372 (5th Cir.1987), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

 This court will not routinely extend the exclusivity period absent a showing of "cause" when creditors object to such requests for extensions. In the face of such an objection, a debtor must establish more than that it is still in the process of preparing financial projections. An extension should not be employed as a tactical device to put pressure on creditors to yield to a plan that they might consider unsatisfactory. H.R.Rep. No. 595, 95th Cong., 1st Sess. 406 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 118 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6362, 5904. The debtor must make a clear showing of "cause" to support an extension of the exclusivity period. In the instant case, no such clear showing was established.

The debtors are closely held corporations with few equity shareholders. The debtor has not even demonstrated that a plan of reorganization might be forthcoming. The size of the debtors' operations alone do not warrant an extension, nor has the debtor established that its financial posture is incapable of producing a plan within the statutory period. Accordingly, its request for an extension of the exclusivity period has not been supported by a showing of "cause."

## ORDER

1. The court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. The debtors have failed to establish cause for extending the 120–day exclusivity period expressed in 11 U.S.C. § 1121(b).

3. The debtors' request for an extension of the 120–day exclusivity period for filing a plan of reorganization is denied.

IT IS SO ORDERED.